JS 44 (Rev. 06/17)

**CIVIL COVER SHEET**

17-CV-4274

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Cassandra Baker, and all others similarly situated | Glenn M. Ross, P.C. and Glenn M. Ross, P.C. |

| **(b)** County of Residence of First Listed Plaintiff  Philadelphia | County of Residence of First Listed Defendant  Montgomery |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* See attachment. | Attorneys *(If Known)* |
|---|---|

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Debt Collection Practices Act, 15 U.S.C. sec. 1692

Brief description of cause:
Unfair and Deceptive Debt Collection

**VII. REQUESTED IN COMPLAINT:**

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE  09/26/2017

SIGNATURE OF ATTORNEY OF RECORD

SEP 26 2017

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Attachment: Plaintiff's Attorneys of Record

Mary M. McKenzie, Esq. (Bar No. 47434)
Daniel Urevick-Ackelsberg, Esq. (Bar No. 307758)
PUBLIC INTEREST LAW CENTER
1709 Benjamin Franklin Parkway, 2nd Floor
Philadelphia, PA 19103
(215) 627-7100

Nicholas E. Chimicles (Bar No. 17928)
Alison Gabe Gushue (Bar No. 203669)
CHIMICLES & TIKELLIS, LLP
361 West Lancaster Ave
One Haverford Centre
Haverford, PA 19041
(610) 642-8500

Charles M. Delbaum
*To be Admitted Pro Hace Vice*
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA 02110
(617) 542-8010

**UNITED STATES DISTRICT COURT**

1 7    4 2 7 4

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 913 E. Rittenhouse Street, Philadelphia, PA 19138

Address of Defendant: 706 Ridge Pike, Lafayette Hill, PA 19444 /566 S. Bethlehem Pike, Fort Washington, PA 19034

Place of Accident, Incident or Transaction: 4449 Bancroft Street, Philadelphia PA 19140

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No☒

Does this case involve multidistrict litigation possibilities?          Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

    Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

    Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

    Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

    Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A  *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Fair Debt Collection Practices Act

B.  *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

Daniel Urevick-Ackelsberg , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/26/2017          307758

Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/26/2017          307758   SEP 26 2017

Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

 **IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CASSANDRA BAKER, | : | CIVIL ACTION |
| and all others similarly situated | : | |
| v. | : | |
| GLENN M. ROSS, P.C. and GLENN M. ROSS | : | NO. **17    4274** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                    (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.         ( )

| 9/26/2017 | Daniel Urevick-Ackelsberg | Plaintiff Cassandra Baker |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-1316 | 215-627-3183 | dackelsberg@pubintlaw.org |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

$440 

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

CASSANDRA BAKER,
and all others similarly situated,

Plaintiffs,

vs.

GLENN M. ROSS, P.C. and GLENN M. ROSS

Defendants.

**COMPLAINT - CLASS ACTION**

CIVIL ACTION

No.:

17    4274

## CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1.      This is a class action brought under the Fair Debt Collection Practices Act against a collection lawyer who engaged in abusive debt collection practices perpetrated primarily against low-income tenants. The lawyer used false, deceptive, and misleading statements for the purposes of collecting rent which was not legally due and evicting tenants when he was not legally entitled to do so.

2.      More than 24,000 Philadelphians were sued last year in Philadelphia's Landlord-Tenant Court. They were often poor, unrepresented, and uninformed about their rights under state and local law.

3.      While 81 percent of landlords had lawyers, most tenants—over 90 percent—did not. That tenants regularly proceed without counsel creates a dramatic power imbalance in Landlord-Tenant Court and in the Philadelphia rental market.

4.      This lawsuit illustrates how collection lawyers exploit this power imbalance. In order to promote public safety and ensure that families have safe and healthy housing, Philadelphia City Council has enacted strict requirements governing the leasing of rental

properties and the collection of rent. To collect rent under local law, a landlord must be licensed, and must provide each tenant with a Certificate of Rental Suitability, an attestation as to the suitability of the unit, and a Partners for Good Housing Handbook, which outlines the responsibilities and rights of owners, tenants, and landlords for maintaining houses and apartments in a safe and clean condition. *See* Phila. Code §§ 9-3902(1)(a), 3903(1)(a). The failure to comply with these laws precludes an owner from "the right to recover possession of the premises or to collect rent during or for the period of noncompliance." *Id.* at §3901(4)(e).

5.      These requirements advance important public purposes by requiring landlords to affirmatively verify that a rental property is fit, habitable, and has no outstanding housing code violations, and by requiring that landlords provide a Partners for Good Housing Handbook, which is intended to alert tenants to their legal right to safe, healthy housing.

6.      Despite these requirements, many landlords do not comply with the law. It is estimated, for example, that there are thousands of Philadelphia rental properties where a Certificate of Rental Suitability has never been issued.

7.      Failure to provide a Certificate of Rental Suitability to the tenant alone is enough to preclude the landlord from collecting rent or evicting the tenant for the period of noncompliance. *See* Phila. Code §3901(4)(e). Collection lawyers for these landlords nevertheless send notices to vacate and sue tenants for unpaid rent and possession of property when the law forbids them from doing so, collect rent when it is not legally owed, and obtain possession based on nonpayment of rent that is not legally due under Philadelphia law.

8.      Because of these practices of collection lawyers like Defendants, landlords lack incentive to follow the Philadelphia Code—including by ensuring properties are fit and habitable—and low-income tenants continue to be relegated to substandard rental units.

2

9. In this case, which is emblematic of widespread abusive collection practices, defendants Glenn M. Ross, P.C. and Glenn M. Ross sent a debt collection letter and filed an eviction lawsuit against plaintiff Cassandra Baker, a mother and grandmother of limited means, demanding money that was not owed, and threatening to take possession of her home when there was no legal basis for possession of the property to be granted because Ms. Baker's landlord had not timely obtained and delivered to her a Certificate of Rental Suitability.

10. Defendants have also sent scores if not hundreds of debt collection letters and filed scores if not hundreds of other eviction lawsuits in Landlord-tenant Court against tenants who, like Ms. Baker, had not timely received a Certificate of Rental Suitability. These debt collection letters and eviction suits violated federal law.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter under 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

13. Plaintiff Cassandra Baker is a Pennsylvania consumer, currently residing at 913 E. Rittenhouse Street, Philadelphia, PA 19138. She proceeds on her behalf, and on behalf of all others similarly situated.

14. Defendant Glenn M. Ross, P.C. is a Pennsylvania corporation, registered at 706 Ridge Pike, Lafayette Hill, PA 19444.

3

15.    Defendant Glenn M. Ross is a licensed Pennsylvania attorney, and the principal shareholder of Glenn M. Ross, P.C. He conducts his practice at 566 S. Bethlehem Pike, Fort Washington, PA 19034.

## FACTS

16.    Plaintiff Cassandra Baker is a lifelong Philadelphia resident and caregiver for her teenaged daughter and her nine-year-old granddaughter.

17.    In December 2014, Ms. Baker entered into a lease agreement with Femope Properties to rent a home at 4449 N. Bancroft Street, Philadelphia, PA 19140.

18.    Section § 9-3903 of the Philadelphia Code requires that a landlord "shall, at the inception of each tenancy, provide to the tenant a Certificate of Rental Suitability that was issued by the Department [of Licenses and Inspections] no more than sixty days prior to the inception of the tenancy. The owner shall at the same time provide the tenant a copy of the owner's attestation to the suitability of the dwelling unit as received by the Department pursuant to § 9-3903(2)(b)(iii), and a copy of the 'City of Philadelphia Partners for Good Housing Handbook.'" Phila. Code § 9-3903(1)(a).

19.    The Code requires that the Philadelphia Department of Licenses and Inspections ("L&I") issue a Certificate only after determining that, among other things, a property has no outstanding notices of code violations issued by L&I, and that the owner of the home "acknowledges the obligation to provide a fit and habitable property." *Id.* at § 9-3903(2)(b)(ii)-(iii).

20.    The failure to comply with the Certificate provision of the Code prohibits a landlord from "collecting rent during or for the period of noncompliance." *Id.* at § 9-3901(4)(e).

4

21.    Femope did not provide Ms. Baker with a Certificate of Rental Suitability or Partners for Good Housing Handbook when she moved in to the property.

22.    The property had multiple problems that were never resolved.

23.    The property was advertised as a three-bedroom home, which Ms. Baker wanted so she, her teenaged daughter, and her then seven year-old granddaughter, could each have a bedroom.

24.    In December 2014, however, Ms. Baker notified her property manager that, contrary to the Philadelphia Code, there was no heat in one of her three bedrooms, making it unusable.

25.    The problem was never satisfactorily repaired, and Ms. Baker was therefore forced to either sleep on a couch or share a room and a bed with her teenaged daughter.

26.    The thermostat also routinely malfunctioned, as a result of which Ms. Baker had astronomical utility bills.

27.    Ms. Baker notified her property manager of this issue as well, but it was never satisfactorily repaired.

28.    As a result, among other things, of Ms. Baker regularly requesting repairs, and informing Femope that she would eventually need to find a more suitable home for her family, her relationship with Femope soured, and Femope began preparing to evict her.

29.    In or around September 2016, Femope or its agent engaged Defendants Glenn M. Ross, P.C. and Glenn M. Ross to prosecute an eviction action against Ms. Baker.

30.    On September 23, 2016, in apparent preparation for filing an eviction, Femope or its agent for the first time downloaded a Certificate of Rental Suitability for the property.

5

31.     In or around the end of September, 2016, Ms. Baker received the Certificate of

Rental Suitability in the mail. Prior to this date, she had not been provided with the Certificate.

32.     On September 29, 2016, in a letter sent on letterhead of Glenn M. Ross, P.C., and

signed by Glenn M. Ross, Defendants stated the following:

> Please be advised I represent the owner of the premises in which you currently reside.
> Your right to possession under the lease has been terminated for your failure to pay rental
> [sic]. There is a balance due of **$2,300.00** which includes unpaid rent, late fees and legal
> fees. Pursuant to the above, you must vacate the premises and deliver possession to the
> owner ten (10) days from the date of this letter.
>
> In addition, your lease is hereby terminated because you have breached its terms and
> conditions in that you have been chronically delinquent and/or late in the payment of
> rent.
>
> You are responsible or the payment of rent under the lease until the end of its current
> term, or until the date the premises are re rented. In addition, you are responsible for the
> payment of any expenses my client may incur in connection with the attempted re-rental
> of this unit, including but not limited to rental commission, and any and all physical
> damage to the unit which may have been caused during the period of your tenancy.
>
> Unless I hear from you to the contrary, I shall assume that you admit the amount and
> validity of this debt and the accuracy of the contents of this letter.

Ex. A (emphasis in original).

33.     The letter then itemized the alleged $2,300, as follows:

| | |
|---|---|
| Unpaid prior rent balance | $ 900.00 |
| September rent | 850.00 |
| September late fee | 50 |
| Legal fees | 500 |
| **TOTAL BALANCE DUE:** | **$ 2,300** |

*Id.* (emphasis in original).

34.     Given that Ms. Baker did not receive a Certificate of Rental Suitability until the

end of September, 2016, however, Femope was legally precluded from collecting rent for

September 2016 or any previous month.

35.   Ms. Baker therefore could not possibly owe any back rent, late fees, or legal fees, and there could not legally be any "balance due."

36.   Moreover, with no money owed, Femope was also prohibited from taking possession of the property for non-payment.

37.   On October 12, 2016, Defendants filed for eviction against Ms. Baker.

38.   The eviction complaint made substantially similar, and legally erroneous, demands of Ms. Baker.

39.   That eviction complaint demanded the same $2,300, for August rent, September rent, late fees, and legal fees, plus added $110 in court costs. Ex. B, ¶ VII.

40.   Femope's failure to provide her with a Certificate of Rental Suitability prior to the end of September 2016 meant no rent was owed as a matter of law for August or September, or any month prior.

41.   With no rent legally owed, no late fees were owed, either.

42.   The eviction complaint demanded legal fees of $500 and court costs of $110.

43.   In fact, with no rent owed, there was no violation of the lease, and no legal basis to sue Ms. Baker, so no legal fees or court costs were owed.

44.   The eviction complaint also repeated that Ms. Baker was "chronically delinquent and/or late," presumably referring to her rent payments. *Id.*

45.   With no rent legally due and owing, she could not have been chronically delinquent or late on her rent.

46.   The eviction complaint demanded possession of the property. *Id.* ¶¶ VI-VII.

47.   With no rent owed, however, there was no violation of the lease, and thus, no legal basis to seek possession of the property.

7

48.     Facing the prospect of an eviction caused Ms. Baker stress and anguish.

49.     The eviction action was listed for a hearing on November 10, 2016.

50.     Femope, however, did not wait until the hearing to force Ms. Baker out of her home.

51.     Instead, in October, 2016, while Ms. Baker, her daughter, and granddaughter were out of the house, Femope or its agent changed the locks at Ms. Baker's home, preventing her and her family from reentering.

52.     Self-help evictions are a crime in the City of Philadelphia, punishable by up to 90 days' imprisonment. *See* Phila. Code. §§ 9-1601-1608.

53.     Being locked out of her home caused Ms. Baker significant emotional distress and expense, and among other indignities, forced her to repurchase basic necessities such as school uniforms for her daughter and granddaughter.

54.     On November 10, 2016, Ms. Baker appeared in landlord-tenant court.

55.     Like the vast majority of Philadelphia tenants, Ms. Baker was unrepresented.

56.     Still under the duress of being illegally locked out of her home, and feeling as if she had no choice, Ms. Baker executed an agreement with Defendants, agreeing to a judgment of $3,250 against her.

57.     In exchange, Defendants agreed to let Ms. Baker back into the property for a single morning—the morning following the eviction hearing—to collect her family's belongings.

58.     As a result of Defendants' illegal collection efforts, Ms. Baker was evicted for nonpayment of rent she did not owe, deprived of her security deposit, induced to enter into a judgment against her for monies she did not legally owe, and suffered emotional distress.

8

## CLASS ACTION ALLEGATIONS

59.    Plaintiffs incorporate paragraphs one through fifty-eight as if written fully herein.

60.    Plaintiff brings this suit individually and as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of all similarly situated individuals.

61.    The class that Plaintiff seeks to represent is composed of all Philadelphia consumers who at any time subsequent to one year prior to the filing of this action received a Notice to Vacate a rental unit from Defendants and/or were sued in Landlord-Tenant Court by Defendants, where that Notice or Complaint demanded moneys for periods prior to the issuance of a Certificate of Rental Suitability by the City of Philadelphia.

62.    The class is so numerous that joinder of all members is impracticable. In 2016, for example, Defendants filed over 900 evictions against Philadelphia consumers. While discovery will reveal how many of these consumers lived in properties for which rent was sought for periods when there was no validly issued Certificate of Rental Suitability, the class is, upon information and belief, ascertainable from public records and records maintained by Defendants, and there are more than 100 members.

63.    There are questions of law and fact common to each class, including, but not limited to the following:

> a. Whether Defendants' demand for rent for a period when a Certificate of Rental Suitability had not been issued constitutes a threat to take an action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5);

> b. Whether Defendants' demand for and collection of rent for a period when a Certificate of Rental Suitability had not been issued constitutes collection of an amount not permitted by law, in violation of 15 U.S.C. § 1692f(1);

9

c. Whether Defendants' demand for rent for a period when a Certificate of Rental
Suitability had not been issued constitutes a false, deceptive, misleading
representation, in connection with collection of a debt, in violation of 15 U.S.C. §
1692e, e(10);

d. Whether Defendants' sending debt collection letters which demand rent for a
period when a Certificate of Rental Suitability had not been issued are false
representations of "the character, amount, or legal status" of an alleged debt, in
violation of 15 U.S.C. § 1692e(2)(A);

e. Whether Defendants' sending of notices to vacate and/or initiating eviction
lawsuits which demand rent for a period when a Certificate of Rental Suitability
had not been issued are false, deceptive, misleading representations, in connection
with a debt, in violation of 15 U.S.C. § 1692e, e(10);

f. Whether Defendants' sending of notices to vacate and/or initiating eviction
lawsuits which demand rent for a period when a Certificate of Rental Suitability
had not been issued are false representations of "the character, amount, or legal
status" of an alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

g. Whether the above practices caused class members to suffer injury; and

h. The proper measure of damages for such unlawful practices.

64.    Ms. Baker's claim is typical of the claim of the class as all members were
similarly treated and affected by Defendants' conduct as alleged herein, in violation of the
FDCPA.

65.    Ms. Baker will fairly and adequately protect the interests of the class. She
qualifies as a consumer under the FDCPA, received the same type of debt collection

10

communications that are at issue in this matter as other class members, and has no conflicts with other class members.

66.    Counsel for Plaintiffs are experienced in handing federal class action litigation, and will adequately and zealously represent the interests of the class. The Public Interest Law Center is a forty-eight year-old impact litigation law firm, and has litigated numerous class actions, across a number of subject areas, on behalf of low-income Pennsylvania residents.

67.    The National Consumer Law Center is a nationally recognized nonprofit law firm, has litigated numerous consumer class actions, including FDCPA class actions, around the nation, and regularly publishes respected treatises on consumer law generally, and consumer class actions specifically.

68.    Chimicles & Tikellis, LLP, is an experienced class action law firm, successfully representing consumers in numerous class actions filed in the Commonwealth of Pennsylvania and around the nation.

69.    Upon information and belief, no similar litigation concerning the claims herein has already begun by any class member.

70.    A class action is superior to other methods for the fast and efficient adjudication of this controversy. A class action regarding the issues in this case does not create any problems of manageability.

71.    A class action is a particularly appropriate means of resolving this controversy, because class members are unlikely to be aware of their rights, the harms they have suffered are generally small and unlikely to be sufficient to permit the hiring an attorney to sue a debt collector lawyer, and without attorneys representing them, those that do know their rights are unequipped to enforce them.

11

## COUNT I: FAIR DEBT COLLECTION PRACTICES ACT

72. Plaintiffs incorporate paragraphs one through seventy-one as if written fully herein.

73. Defendants regularly attempt to collect consumer debts alleged to be due to another, and are debt collectors as that term is defined in the Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. § 1692a(6).

74. The moneys sought by the Defendants is a debt under the FDCPA. *See id.* at § 1692a(5).

75. The statements related to the alleged debt, in both the notice to vacate and the eviction complaint, were communications under the FDCPA. *See id.* at § 1692a(2).

76. The Defendants' acts—particularly the demand of moneys not legally due and owing—were false, deceptive, misleading representations, in connection with a debt. *See id.* at § 1692e, e(10).

77. The Defendants' acts constituted a threat to take an action that cannot legally be taken. *See* 15 U.S.C. § 1692e(5).

78. The Defendants' acts were false representations of "the character, amount, or legal status" of an alleged debt. *Id.* at § 1692e(2)(A).

79. The Defendants' acts constituted collection of an amount not permitted by law. *See* 15 U.S.C. § 1692f(1).

80. The acts described above by the Defendants caused Ms. Baker and all members of the class injury.

81. Defendants are liable to Ms. Baker and the class for actual damages, statutory damages, and costs and attorney fees.

12

### JURY DEMAND

82.   Ms. Baker demands a trial by jury on her claims.

### RELIEF REQUESTED

WHEREFORE, Ms. Baker respectfully requests the following relief:

A. Certify this case as a class action and appoint her to be class representative and her attorneys to be class counsel;

B. An Order declaring the acts and practices of Defendants to constitute a violation of the FDCPA;

C. An award of actual damages to Ms. Baker and the class in the form of any moneys paid as a result of Defendants' unlawful demands;

D. An award of statutory damages to Ms. Baker and the class, pursuant to 15 U.S.C. § 1692k;

E. An award of costs and reasonable attorney fees pursuant to 15 U.S.C. §§ 1692k, 1692e, e(2), and e(10); and

F. For other such relief as the Court may deem just and proper.

Dated: September 26, 2017

Respectfully submitted,

/s/ Daniel Urevick-Ackelsberg
Daniel Urevick-Ackelsberg, Esq.

Charles M. Delbaum
*To be Admitted Pro Hace Vice*
Stuart T. Rossman
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA 02110
(617) 542-8010

Mary M. McKenzie, Esq. (Bar No. 47434)
Daniel Urevick-Ackelsberg, Esq.
(Bar No. 307758)
PUBLIC INTEREST LAW CENTER
1709 Benjamin Franklin Parkway, 2nd Floor
Philadelphia, PA 19103
(215) 627-7100

Nicholas E. Chimicles (Bar No. 17928)
Alison Gabe Gushue (Bar No. 203669)
CHIMICLES & TIKELLIS, LLP
361 West Lancaster Ave
One Haverford Centre
Haverford, PA 19041
(610) 642-8500

14

# Exhibit A

## GLENN M. ROSS, P.C.

Attorneys-at-Law
566 South Bethlehem Pike
Fort Washington, PA 19034

Glenn M. Ross
Elena M. Baylarian

Telephone: 215.643.7200
Fax: 215.643.7205
Email: glennrosspc@comcast.net

September 29, 2016

Cassandra Baker
4449 Bancroft Street
Philadelphia, PA 19140

RE:   4449 Bancroft St

Please be advised that I represent the owner of the premises in
which you currently reside.

Your right to possession under the lease has been terminated for
your failure to pay rental. There is a balance due of $2,300.00
which includes unpaid rent, late fees and legal fees. Pursuant to
the above, you must vacate the premises and deliver possession to
the owner ten (10) days from the date of this letter.

In addition, your lease is hereby terminated because you have
breached its terms and conditions in that you have been chronically
delinquent and/or late in the payment of rent.

You are responsible for the payment of rent under the lease until
the end of its current term, or until the date the premises are re-
rented. In addition, you are responsible for the payment of any
expenses my client may incur in connection with the attempted
re-rental of this unit, including but not limited to rental
commission, and any and all physical damage to the unit which may
have been caused during the period of your tenancy.

Unless I hear from you to the contrary, I shall assume that you
admit the amount and validity of this debt and the accuracy of the
contents of this letter.

Very truly yours,

GLENN M. ROSS
GMR/cp
cc: Owner

September 29, 2016
Page 2.

## STATEMENT OF AMOUNTS DUE

| | |
|---|---|
| Unpaid prior rent balance | $   900.00 |
| September rent | 850.00 |
| September late fee | 50.00 |
| Legal fees | 500.00 |
| **TOTAL BALANCE DUE:** | **$ 2,300.00** |

# Exhibit B



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Marsha H. Neifield, President Judge      Patricia R. McDermott, Deputy Court Administrator

## LANDLORD AND TENANT COMPLAINT

Date Filed: 10/12/2016                                    # LT-16-10-12-4210

| | |
|---|---|
| MICHELLE BUCKNER<br>59009 CASTOR AVENUE<br>PHILADELPHIA, PA 19149 | CASSANDRA BAKER, AKA/DBA: AND ALL OCCS<br>4449 N. BANCROFT STREET<br>PHILADELPHIA, PA 19140 |
| *Plaintiff(s)* | *Defendant(s)* |

I. Plaintiff states that he/she/it owns the real property located at the following address: 4449 N. BANCROFT STREET, PHILADELPHIA, PA 19140. Plaintiff further states that there is a lease between him/her/it and the above-referenced defendant(s). The lease is written, attached and began on 12/01/2014 for the term of a year or more. Additionally, plaintiff states that the lease is residential.

II. Plaintiff states that he/she/it is in compliance with Section 102.1 of the Philadelphia Property Maintenance Code by having a valid housing inspection license at the time of filing. A copy of the license is attached.

IV. Plaintiff states that the subject premises is fit for its intended purpose.

V. Plaintiff states that notice to vacate the subject premises by 10/09/2016 was given to the defendant on 09/29/2016. A copy of the notice is attached.

VI. The defendant is in possession of the property and refuses to surrender possession of the property.

VII. Plaintiff demands a judgment of possession and a money judgment in the amount itemized below based on Non Payment of amounts due under the lease.

| The amount of unpaid rent below and late fees alleged due. | Summarized alleged amounts due: | |
|---|---|---|
| Month   Year   Rent     Late Fee<br><br>AUG 2016 RENT $850.00  LATE FEE $50.00<br>SEP 2016 RENT $850.00  LATE FEE $50.00 | Rent | $1,700.00 |
| | Late Fees | $100.00 |
| | Gas | $0.00 |
| | Electric | $0.00 |
| | Water / Sewer | $0.00 |
| | Attorney's Fees | $500.00 |
| | Other<br>  SERVICE FEE $20.00 | $20.00 |
| | Subtotal | $2,320.00 |
| | Court Costs | $90.00 |
| | Total | $2,410.00 |

ONGOING RENT IN THE AMOUNT OF $850.00 FROM THE DATE OF THE FILING OF THIS COMPLAINT TO THE DATE OF THE HEARING ON THE MERITS IN THIS MATTER.

Breach of a condition(s) of the lease other than nonpayment of rent. The conditions allegedly breached were:
CHRONICALLY DELINQUENT AND/OR LATE

| Filing Party: GLENN M ROSS<br>566 SOUTH BETHLEHEM PIKE, FORT WASHINGTON, PA 19034 | | Phone Number:<br>215 643-7200 |
|---|---|---|
| I am an attorney for the plaintiff(s), the plaintiff's authorized representative or have a power of attorney for the plaintiff(s) in this landlord tenant action. I hereby verify that I am authorized to make this verification; that I have sufficient knowledge, information and belief to take this verification or have gained sufficient knowledge, information and belief from communications with the plaintiff or the persons listed below and that the facts set forth are true and correct to the best of my knowledge, information and belief. I understand that this verification is made subject to the penalties set forth in 18 Pa. C.S. § 4904, which concerns the making of unsworn falsifications to authorities. If I am an authorized representative or have a power of attorney, I have attached a completed Philadelphia Municipal Court authorized representative form or a completed power of attorney form.<br><br>GLENN M ROSS<br><br>———————————<br>Signature Plantiff/Attorney | SUMMONS TO THE DEFENDANT:<br>You are hereby ordered to appear at a hearing scheduled as follows:<br><br>LOCATION (SITO):<br>1339 Chestnut Street 6th Floor<br>Philadelphia, PA 19107<br>Hearing Room: 3 | CITATION: Al demandado por la presente, usted esta dirijido a presentarse a la siguiente:<br><br>DATE (FECHA):<br>November 10th, 2016<br><br>TIME (HORA):<br>12:45 PM |
| NOTICE TO THE DEFENDANT: YOU HAVE BEEN SUED IN COURT. PLEASE SEE ATTACHED NOTICE. | NOTA IMPORTANTE PARA EL ACUSADO: USTED HA SIDO DEMANDO EN CORTE: POR FAVOR MIRA PAPELE ESCRITA. | |