UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSANDRA BAKER, CORRINE MORRIS, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GLENN M. ROSS, P.C. and GLENN M. ROSS<br><br>Defendants. | CIVIL ACTION<br>No.: 17-4274 |

**[PROPOSED] ORDER**

AND NOW, this ____ day of _____, 2018, upon consideration of Plaintiffs' Unopposed Motion for Provisional Class Certification and Preliminary Approval of the Class Action Settlement, the supporting Memorandum of Law and Declarations, and the proposed forms of Notice to the Settlement Class, it is hereby ORDERED that:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2. This Court has jurisdiction over this matter, Plaintiffs, all Settlement Class members, Defendants Glenn M. Ross, P.C. and Glenn M. Ross ("Defendants") and any party to any agreement that is part of or related to the Settlement.

3. The Court finds that the proposed Settlement with Defendants set forth in the Settlement Agreement is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved and notice of the settlement should be provided to the Settlement Class and that a hearing should be held as set forth below.

4. Solely for purposes of the Settlement, the Court provisionally certifies the following class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"):

>All Philadelphia Residential Tenants who at any time between September 26, 2016 and March 14, 2018 (inclusive) were sued in Landlord-Tenant Court by Defendants, for leases identified as commencing on or after October 12, 2011, where that Complaint demanded moneys for tenancy periods prior to the tenant's receipt of a Certificate of Rental Suitability issued by the City of Philadelphia.

5.  Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Federal Rule of Civil Procedure 23(a) and (b), are satisfied in that:

(a) the Settlement Class is so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the Settlement Class;

(c) Plaintiffs and Class Counsel (each defined below) fairly and adequately represent the Settlement Class;

(d) the claims of Plaintiffs are typical of those of Settlement Class members;

(e) common issues predominate over any individual issues affecting the members of the Settlement Class;

(f) Plaintiffs fairly and adequately protect and represent the interests of all members of the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class; and

(g) settlement of the Action on a class action basis is superior to other means of resolving this matter.

6.  The Court appoints Mary McKenzie, Daniel Urevick-Ackelsberg, and George Donnelly of the Public Interest Law Center, Charles Delbaum of the National Consumer Law Center, and Nicholas Chimicles and Alison Gushue of Chimicles & Tikellis LLP as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

7. The Court hereby appoints Cassandra Baker and Corrine Morris ("Plaintiffs") to serve as Class Representatives on behalf of the Settlement Class for settlement purposes only.

8. Plaintiffs shall select a Claims Administrator of their choosing (the "Claims Administrator"). Responsibilities of the Claims Administrator shall include: (a) establishing a post office box for purposes of communicating with Class members; (b) disseminating notice to the Class; (c) such matters as shall be directed in the Final Approval Order, including, but not limited to, distributing to each Class Member by check that Member's share of the Settlement Fund, taking reasonable steps to locate Class Members whose settlement checks are returned as undeliverable and mailing new checks to each of these Class Members who the Administrator is able to locate; (d) calculating the net amount of unclaimed funds, and, if economically feasible, providing a per capita second distribution to Class Members who have deposited settlement checks; and (e) calculating any remaining unclaimed funds, to be distributed by the Administrator as ordered by the Court to an approved *cy pres* recipient.

9. The Court approves the Class Notice, and finds that the dissemination of the Notices substantially in the manner and form set forth in the Class Notice program attached to the Motion as Exhibit B complies fully with the requirements of Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution, and is the best notice practicable under the circumstances.

10. The Class Notice program, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution.

11.     No later than **[DATE],** Class Counsel shall deliver the Class Notice to each Settlement Class member via first class mail, at their most recent known address.  At least thirty (30) days prior to the Fairness Hearing, Class Counsel shall file with the Court and serve on Defendants a verification of compliance with the notice requirements.

12.     All costs incurred in disseminating and otherwise in connection with the Class Notice shall be paid from the Settlement Fund pursuant to the Settlement Agreement.

13.     Settlement Class members may opt-out or object up to ninety (90) days from the date on which the Class Notice program commences.

14.     Any member of the Settlement Class who wishes to be excluded from the Settlement Class must send a letter or postcard with an original signature stating: **(a)** the name and case number of the Action, "*Baker v. Glenn Ross, P.C.,* Case No. 17-4274-HB"; **(b)** his or her full name, address, email address, and telephone number; and **(c)** a statement that he or she does not wish to participate in the Settlement, postmarked no later than [**Month, Day, Year**] to the Claims Administrator, whose name and address will be listed in the Class Notice.

15.     Any person who does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through their own attorney.

16.     Any member of the Settlement Class who wishes to object to the Settlement Agreement must send a letter stating their objection to "*Baker v. Glenn Ross, P.C.,* Case No. 17-4274-HB".  The letter must include the objecting Settlement Class member's name, address, telephone number, original signature, their intent to appear at the Fairness Hearing, and their specific reasons for objecting to the settlement.  Objecting Settlement Class members must mail their objection to Class Counsel, Defendants' Counsel, and the Court, addresses listed below,

postmarked no later than *(90 DAYS AFTER THE START OF THE CLASS NOTICE PROGRAM)* **[Month] [Day], [Year]**.

| CLASS COUNSEL | DEFENDANTS' COUNSEL | COURT |
|---|---|---|
| Daniel Urevick-Ackelsberg<br>Public Interest Law Center<br>1709 Benjamin Franklin Parkway, 2nd Floor<br>Philadelphia, PA 19103 | Marc L. Bogutz<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>Two Commerce Square, 2001 Market Street, Suite 3100<br>Philadelphia, PA 19103 | United States District Court<br>601 Market Street<br>Chambers of Judge Bartle<br>Room 16614<br>Philadelphia, PA 19106 |

17.     Settlement Class members who do not timely object or opt out and who do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

18.     A Fairness Hearing to determine whether the settlement agreement is "fair, reasonable and adequate" pursuant to Federal Rule of Civil Procedure 23(e) shall be held on _____, 201__ at _____ a.m./p.m. in the United States Courthouse at 601 Market Street, Philadelphia, PA in Courtroom ____.

19.     At the Fairness Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class settlement and whether the settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Action; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of Final Judgment in this Action. Class Counsel's application for award of attorney's fees and costs, and request for the Court to award an incentive award to the named plaintiffs, shall also be heard at the time of the hearing.

20.     The date and time of the Fairness Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court.  Should the Court adjourn the date for the Fairness Hearing, that shall not

alter the deadlines for mailing and publication of notice, the Opt-Out Date, and the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Fairness Hearing unless those dates are explicitly changed by subsequent Order.

21. Only Settlement Class members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Fairness Hearing.  Any Settlement Class member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; or (e) Service Awards for the named Plaintiffs, whether by appeal, collateral attack, or otherwise.

22. Settlement Class members need not appear at the hearing or take any other action to indicate their approval.

23. Upon entry of the Order and Final Judgment all members of the Settlement Class who have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against Defendant with respect to all of the Released Claims.

24. In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against Defendant and any other released party, and the Defendant and any other released parties shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3)

are not satisfied for purposes of continued litigation).  This Action shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

25. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Defendants as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

BY THE COURT:

_____

Harvey Bartle III, J.