UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSANDRA BAKER, CORRINE MORRIS, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GLENN M. ROSS, P.C. and GLENN M. ROSS<br><br>Defendants. | CIVIL ACTION<br>No.: 17-4274 |



FILED
FEB 25 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

### JB [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiffs' unopposed motion requesting that the Court grant Plaintiffs' Motion for Final Approval of the Class Action Settlement preliminarily approved by this Court on September 12, 2018 and Plaintiffs' unopposed motion for Attorneys' Fees and Incentive awards, filed on October 1, 2018.

Having reviewed and considered the Settlement Agreement and Plaintiffs' filings on the motions, including all attachments and exhibits thereto, and having conducted a final approval hearing, the Court makes the following findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Order.

**WHEREAS,** the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS,** the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

1

AND NOW, THIS 25th DAY OF February, 2019, IT IS ORDERED that:

1. The settlement involves allegations in Plaintiffs' Class Action Complaint against Defendants for alleged violations of the FDCPA in connection with Defendants' efforts at collecting debts allegedly owed by the proposed class members that directly and proximately caused injuries to Plaintiffs and the Class.

2. The settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

3. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4. On September 12, 2018, the Court entered a Preliminary Approval Order which among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, appointing Plaintiffs as Class Representatives, and appointing Co-Lead Counsel as Class Counsel; (b) preliminarily approved the Settlement Agreement; (c) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the claims administrator; and (f) set the date for the Final Fairness Hearing.

5. In the Preliminary Approval Order, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), for settlement purposes only, the Court certified the Settlement Class, defined as follows:

> [A]ll Philadelphia Residential Tenants who at any time between September 26, 2016 and March 14, 2018 (inclusive) were sued in Landlord-Tenant Court by Defendants, for leases identified as commencing on or after October 12, 2011, where that Complaint demanded moneys for tenancy periods prior to the tenant's receipt of a Certificate of Rental Suitability issued by the City of Philadelphia.

6. The Court finds, solely for purposes of judgment on the proposed Settlement, that the

proposed Settlement Class satisfies the requirements of Rule 23 for certification as a Rule 23(b) class. Specifically, the Court finds that:

   a. The Settlement Class is so numerous that joinder of all members of the Settlement Class is impracticable;

   b. There are questions of law and fact that are common to the Settlement Class which predominate over any questions affecting only individual members

   c. The claims of the Plaintiffs are typical of the claims of the proposed Settlement Class;

   d. Plaintiffs have fairly and adequately protected the interests of the Settlement Class; and

   e. A class action solely for settlement purposes is superior to other available methods for fairly and efficiently adjudicating this controversy.

7. The Court therefore certifies the following class, for purposes of judgment on the proposed Settlement, pursuant to Fed. R. Civ. P. 23(b)(3), the following class:

> [A]ll Philadelphia Residential Tenants who at any time between September 26, 2016 and March 14, 2018 (inclusive) were sued in Landlord-Tenant Court by Defendants, for leases identified as commencing on or after October 12, 2011, where that Complaint demanded moneys for tenancy periods prior to the tenant's receipt of a Certificate of Rental Suitability issued by the City of Philadelphia.

8. The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Federal Rule of Civil Procedure 23(e)(2), to which there has been no objection, grants final approval of the Settlement Agreement for the Settlement Class as defined therein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable and adequate and meets the requirements of Federal Rule of Civil Procedure 23.

9. The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. The parties, their respective attorneys,

and the Claims Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

10. Notice of the Final Approval Hearing and Plaintiffs' application for Attorneys' Fees and Incentive Awards have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

11. The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

12. As of the Opt-Out deadline, no class members have requested to be excluded from the Settlement.

13. The Court has considered all the documents filed in support of the settlement, and has fully considered all matters raised, all exhibits and declarations filed, all evidence received at the final hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14. Pursuant to the Settlement Agreement, Defendants, the Claims Administrator, and Class Counsel shall implement the settlement in the manner and time frame as set forth therein.

15. Pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

> Any and all claims and causes of action including, without limitation, any causes of action under the Fair Debt Collection Practices Act and all similar statutes and regulations in effect in Pennsylvania including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, statutory damages, punitive damages, special damages, exemplary damages, restitution, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning

or arising out of the allegations, facts, or circumstances described in the Action. Released Claims do not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement.

16. The Court has appointed Mary M. McKenzie, Daniel Urevick-Ackelsberg, and George A. Donnelly of the Public Interest Law Center, Charles Delbaum of the National Consumer Law Center, and Nicholas Chimicles and Alison Gushue of Chimicles Schwartz Kriner & Donaldson-Smith LLP as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied.

17. The Court, after careful review of the time entries and rates requested by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's Motion for Attorneys' Fees in the amount of $25,000. Payment shall be made pursuant to the terms of the Settlement Agreement.

18. Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves payments to Named Plaintiffs in the total amount of $1,000 each as an incentive payment for their efforts on behalf of the Settlement Class. Class Counsel shall make such payment in accordance with the terms of the Settlement Agreement.

19. After both the initial distribution to the Class, and a second distribution (if economically feasible), Community Legal Services of Philadelphia shall receive any remaining funds as a *cy pres* recipient. Such funds shall be used to further advocacy among low-income Philadelphia tenants.

20. This Order resolves all claims against all parties in this action and is a final order. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the enforcement of this settlement.

BY THE COURT:

/s/ Harvey Bartle III
_____
Harvey Bartle III, J.